RODGERS, Presiding Justice.
The appellant, Addie Willis Hemphill, filed an original bill in the Chancery Court of Grenada County, Mississippi, to establish title to property described as the West half of the Northwest quarter (W-Vi of NW-J4) of Section 26, Township 22 North, Range 5 East, Grenada County, Mississippi. She alleged that she was a cotenant in the title to the property and asked the court to sell the property and to partite the proceeds.
The appellee Allen Willis, one of the defendants named in the original bill, filed an answer admitting the named defendants to be t.he heirs at law of a common predecessor in title, but denied that the appellant or any of the other named defendants had any interest in the land therein described. Appellee, Allen Willis, also filed a cross-bill in which he claimed to be the sole owner of the described property by adverse possession. He made all the other named heirs defendants in the cross-bill. The cross-defendants filed their answer to the cross-bill, in which they denied that the cross-complainant had obtained title to the property by adverse possession.
The chancellor heard the testimony and determined that the cross-complainant, Allen Willis, had in fact become owner of the property by an ouster of his cotenants *459 for a sufficient time to establish title by adverse possession.
It is alleged that sometime before October 3, 1893, one Bob Willis obtained title to the above described eighty (80) acres of land. Bob Willis and his wife died before 1910, leaving several children. Their son, Bob Willis, and his wife, and Dave Willis, a grandson, and his wife remained on the described property. Dave Willis claimed the property as his after his father’s death in 1944. Dave Willis’ widow, Hattie Willis, remained on the property and farmed the property with their son Allen Willis, the cross-complainant. During the time after the death of the original owner, Bob Willis, his grandson Dave Willis, and his wife Hattie, together with the cross-complainant Allen Willis, had complete control of the land. They farmed the property; they fenced it; they leased it; they paid taxes on the land; and they did all acts consistent with ownership.
The record shows that after the death of Dave Willis in 1944, Hattie Willis and Allen Willis lived on the land, farmed it, and used it as their own. The chancellor was of the opinion that the title matured in Hattie and Allen in 19S4, and that after the death of Hattie in 1966, her only heir, her son Allen, became the owner of her one-half (1/2) interest, and is now the sole owner of the land. The chancellor based his opinion upon the fact that after the death of Dave Willis, his widow Hattie and son Allen improved the property; they built a house on the land; they dug a pool; they built fences; they set out pine trees on the property; they rented part of the land; and they gave leases, easements and mineral leases with warranty of title.
The cross-complainant testified that he told Addie Willis Hemphill that she did not have any interest in the land in 1944, but the testimony also shows that he tried to buy the interest of other heirs as late as 196S. However, the chancellor found that the title had previously matured in Hattie and Allen Willis in 1954.
The general rule of ouster as between cotenants is expressed in Nichols v. Gaddis & McLaurin, Inc., 222 Miss. 207, 75 So.2d 625 (1954), as follows:
“In order to establish ouster of cotenants by a tenant in common in possession, the cotenants out of possession must have notice of his adverse claim either ‘from actual knowledge or as is sometimes vaguely expressed, by acts equivalent thereto’, as by conduct so unequivocal that knowledge on the part of the coten-ant out of possession must necessarily be presumed. * * * ‘The testimony of such knowledge by the other tenants in common must be clear and convincing. It is not enough that the possession to convey title should be apparently adverse but must be such with actual notice to the co-tenants or shown by such acts of repudiation of their claim as are equivalent to actual notice to them.’ ” 222 Miss, at 222, 75 So.2d at 629 (Citations omitted).
This rule was brought forward in Quates v. Griffin, 239 So.2d 803 (Miss.1970), and Johnstone v. Johnson, 248 So.2d 444 (Miss.1971).
In Bayless v. Alexander, 245 So.2d 17 (Miss.1971), we again recognized the following rule:
“In the recent case of Quates v. Griffin, 239 So.2d 803 (Miss.1970), we reiterated that this Court is committed to the rule that the relation of a cotenant to his other cotenants is that of a fiduciary which in turn leads to a presumption of law that the acts of a cotenant in possession are for the benefit of, and not contrary to, the interest of the other cotenants. We again applied the oft-repeated standard that this relationship can only be overcome by clear and convincing evidence that the other cotenants had actual notice of the adverse claim, or the'equivalent thereof, before the statute of limitations will begin to run.” 245 So.2d at 20.
*460 In that case, the cotenant in possession had a deed from all cotenants to their future interest in the estate of a non compos men-tis sister which failed to materialize because the non compos mentis died after the death of one of the other sisters. We held, however, that the rule of fiduciary relationship between cotenants did not apply under the facts in that case, and that the facts showed an ouster of the other co-tenants.
In the instant case, the only testimony that is of sufficient gravity to indicate an ouster of any of the other cotenants — other than the occupancy and ordinary use of the property as a cotenant owner- — was a statement alleged to have been made to Addie Willis Hemphill. Allen Willis testified that in 1944 he told Addie Willis Hemphill that she had no interest in the property. He said: “She asked if she had a part, and I told her she didn’t. I said: ‘You don’t have.no part in it.’” This testimony was corroborated by Paralee James.
In Bayless v. Alexander, supra, we pointed out that the presumption that a co-tenant in possession held possession as a fiduciary for all cotenants could only be overcome by clear and convincing testimony.
In the case at bar Paralee James testified that her Uncle Dave Hemphill and Aunt Hattie had told her that “all of us had a part in the place.”
The testimony further shows that the cross-complainant Allen Willis had made an effort to purchase the interest of all the cotenants in the property “within the last four years.”
We are of the opinion that the use of the property by Dave Willis, his wife, Hattie Willis, and his son, Allen Willis, coupled with the statement of Allen Willis to Addie Willis Hemphill, is not sufficiently clear and convincing to overcome the presumption that the occupancy of the property was for the benefit of all the co-tenants. This is especially true in this case, where the cotenant in possession recently attempted to buy the interest of the other cotenants.
The cross-bill of the appellee is dismissed. The prayer of the original bill is sustained confirming title in all the coten-ants to the land here involved. The case is remanded for further proceedings as to the partition of the property, not inconsistent with this opinion.
Reversed and remanded.
PATTERSON, INZER, WALKER and BROOM, JJ., concur.